FILED
2013 Sep-30 PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO91 (Rev. 5/93 ND/AL) Criminal Complaint

FILED
2013 SEP 30 P 5:16
U.S. [illegible] COURT
N.D. [illegible]ABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

**CRIMINAL COMPLAINT**

**UNITED STATES OF AMERICA**

**v.** **CASE NUMBER: MAG 13-336**

**ABDUL ISLAM MUGHAL,**
**defendant**

I, Kelly E. Clark, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**Count One**

Between on or about the 1st day of October 2012 and including on or about 25th day of October 2012, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendant,

**ABDUL ISLAM MUGHAL,**

did devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI) and that this complaint is based on the facts set forth in the affidavit, which is attached hereto and incorporated herein by reference.

See Attachment "A"

Signature of Complainant

Sworn to before me and subscribed in my presence,

9-30-13 at Birmingham, Alabama
Date City and State

MADELINE H. HAIKALA
United States Magistrate Judge
Name and Title of Judicial Officer

Signature of MADELINE H. HAIKALA

**Attachment "A"**

**Affidavit in Support of Application for a Criminal Complaint and an Arrest Warrant**

I, Kelly E. Clark, Special Agent with the Federal Bureau of Investigation (FBI), who, after being duly sworn, deposed and said:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Birmingham Field Office, Squad 4. My duties include investigating violations of the laws of the United States, to include the investigation of bank fraud, wire fraud, money laundering, fraud against the U.S. Government, mortgage fraud, public corruption, and various other white collar crimes. I have been employed by the FBI for five years and have been a Special Agent of the FBI since July, 2012. As a Special Agent, I have participated in a five-month basic training program at the FBI Academy in Quantico, Virginia. This course provided training in investigations of federal criminal offenses, acts of terrorism, interviews, interrogations, tactical operations, and firearms. In addition, I participated in training involving basic instruction on a variety of topics relating to complex financial crimes, bank fraud, mail fraud, wire fraud, case management, and Attorney General Guidelines/Patriot Act.

2. I am currently assigned to the Financial Crimes Review Team with the Northern District of Alabama United States Attorney's Office, a multi-jurisdictional task force focusing on investigating complex financial crimes involving financial institutions in the Northern District of Alabama.

MHH

3. Prior to becoming a Special Agent with the FBI, I was employed with the FBI as an Investigative Specialist in the New Orleans Field Office from October 2008 until July 2012. As an Investigative Specialist, I was responsible for the collection, analysis and dissemination of intelligence data gathered during the course of an investigation through surveillance operations.

4. I make this affidavit in support of an application for a criminal complaint and an arrest warrant for ABDUL ISLAM MUGHAL ("MUGHAL") on September 30, 2013.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that MUGHAL has violated Title 18, United States Code, Section 1343 (Wire Fraud).

6. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents, Federal Grand Jury material, information from a cooperating Confidential Informant (CI), volunteered recordings, and documentation. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not necessarily set forth all of my knowledge about this matter.

**FACTS SUPPORTING PROBABLE CAUSE**

7. I am the case agent in a Federal Grand Jury investigation involving SERRA NISSAN. Since April 2013, SERRA NISSAN has been under investigation for fraudulently falsifying customers' loan documents and submitting

the fraudulent information to various financial institutions to obtain auto financing. Through the course of investigation, several finance institutions have been subpoenaed and have provided multiple loan documents which reflected further evidence of SERRA NISSAN submitting falsified loan documents to these financial institutions.

8. MUGHAL, born on March 25, 1966, is one of the subjects involved in the investigation in this matter. He was previously employed by SERRA NISSAN as their General Sales Manager for several years, until his recent resignation.

9. MUGHAL was identified by a Confidential Informant (CI), who has proved to be a reliable source, as having direct knowledge of the loan fraud. The CI previously worked at SERRA NISSAN and had direct knowledge of the loan fraud. The CI voluntarily came to the FBI in March 2013 and provided multiple volunteered audio recordings regarding the loan fraud, documented proof of the loan fraud, and miscellaneous documentation he acquired during his employment at SERRA NISSAN.

10. In or around March 2013, the CI provided SA Clark with a volunteered audio recording of MUGHAL and two other employees discussing what information was needed in order to get a specific customer approved for an auto loan.

11. The CI identified MUGHAL'S voice on the recording. MUGHAL is heard saying that the employee (later determined to be a car salesman named



Marshall Layton), needs to show that the customer makes enough money to qualify for a loan and has to be able to produce that information for the loan.

12. The female customer involved in the transaction is believed to be on disability or retirement and only makes $2,000 per month. Because this is not enough for the bank to approve the customer, MUGHAL tells the employee the bank requires $5,000 per month and the only way to get her approved for the car is to say she makes $5,000 per month. (The exact date of this recording is unknown but, based on information from the CI, is believed to have happened in or around October 2012.)

13. The CI also provided SA Clark with documentation where MUGHAL had changed two customers' monthly incomes in order for them to be able to obtain an auto loan with a financial institution.

14. On September 26, 2013, Jeffrey Raymond Green, former Finance Manager at SERRA NISSAN and current Sales Manager at SERRA VOLKSWAGON[1], was interviewed by SA Clark and SA Katherine Henken-Gerhardt, IRS-CID. Green corroborated the CI's information by confirming MUGHAL's employment at SERRA NISSAN. Green also stated that as Sales Manager, MUGHAL would have had access to the consumer loan documents being submitted to the financial institutions and may have submitted them himself.

---

[1] Special Agents Clark and Henken-Gerhardt have reason to believe that, following their interview with Green, he was placed on administrative leave from his current position at SERRA VOLKSWAGON.

MH

15. On September 28, 2013, former SERRA NISSAN employee Marshall Layton was interviewed by SA Clark and SA Henken-Gerhardt. SA Henken-Gerhardt described to Layton a conversation between MUGHAL, Gerald Shepard, and Layton himself, about a customer who does not make enough money to qualify for a loan wherein MUGHAL yells at Layton about getting bank statements to justify a higher income figure. Layton then admitted that he was part of the conversation just described (this was the above-referenced recorded conversation provided by the CI).

16. Layton recalled that he, MUGHAL, Gerald, and Clay Wells were in the meeting about the customer who did not qualify for the car loan. Layton admitted that MUGHAL and Gerald wanted him to falsify documents.

17. Layton stated that he had actually heard a recording of the conversation described by SA Henken-Gerhardt. In approximately January or February 2013, Layton had a meeting with Randy Visser, owner of SERRA NISSAN. Visser played the recording for Layton. Layton thought that Clay Wells had made the recording and sent the recording to Visser via phone.

18. During the meeting, Visser asked Layton if MUGHAL or Gerald was abusive with him (Layton). Layton told Visser, "no." Visser asked questions similar to the interviewing agents about the deal discussed in the recording. Layton told Visser that the deal had gone through, but Layton didn't think any documents had been falsified.

MHK

19. On September 30, 2013, Layton was re-interviewed by SA Henken-Gerhardt and SA Thomas Mayhall. Layton informed the interviewing agents that the recording was about two cars being sold to customers named Turner and Knox. In the recording, Layton asks Gerald and MUGHAL which deals require the falsified documents. Gerald replies saying "Knox and Turner."

20. On June 21, 2013, Capital One Auto Finance (COAF) provided the FBI with a loan document for Judy Turner, for a loan funded on October 17, 2012 (Application number 86405651, Loan number 2268704). The application for the loan was transmitted by wire, via computer, on or about October 17, 2012.

21. On February 11, 2013, COAF conducted its own investigation regarding the loan and confirmed with Turner that the bank statement submitted with the loan was fraudulent and was not provided by Turner. Also, Turner informed COAF that her monthly income was approximately $1,600 per month, and not $5,000, which was stated on the application submitted to COAF. COAF determined the dealership was responsible for submitting the fraudulent documents with the loan and not Turner. Furthermore, the same fraudulent bank statement, with different names and addresses, had been used on two other fraudulent loans in connection with SERRA NISSAN.

22. During the interview with federal agents on September 30, 2013, Layton was shown the Turner loan document and confirmed the loan document was for the deals that were discussed in the audio recording, in which he was asked

MHH

to falsify documents by MUGHAL and Gerald.

23. During the interview with federal agents on September 26, 2013, Green was also shown the Turner loan document and confirmed that he had seen the fraudulent bank statement being used at the dealership for other car loans. Green could not identify who he had seen use the bank statement previously.

24. During that same interview, Green informed SA Clark and SA Henken-Gerhardt that MUGHAL is leaving the country within the next few days to move with his family to the United Arab Emirates (UAE) due to the fact that his son, KALIB MUGHAL, is involved in an arranged marriage in the UAE.

25. Through open source information, MUGHAL's wife, SOBIA ISLAM MUGHAL (SOBIA) and son, KALIB, have been living in Pakistan since June 2013.

26. On September 20, 2013, MUGHAL purchased a ticket departing Birmingham-Shuttlesworth International Airport on September 30, 2013, Delta Airlines Flight #1304 at 6:35pm, arriving in UAE on October 2, 2013 at 2:30pm.

27. On September 30, 2013, MUGHAL's personal bank, Legacy Credit Union, confirmed that all funds had been taken out of both of his accounts at the bank.

28. Upon his departure from Birmingham on September 30, 2013, we have reason to believe MUGHAL has no intentions of returning to America.

MHH

MUGHAL's current residence is located at 6525 Service Road, Trussville, Alabama, 35173.

29. Based on the foregoing, I believe that there is probable cause to issue a Criminal Complaint and an arrest warrant for ABDUL ISLAM MUGHAL because the defendant did conspire with and aid and abet others to commit wire fraud, in violation 18 U.S.C. § 1343.

Kelly E. Clark
Special Agent, FBI

Sworn and subscribed to me this the 30th day of September 2013.

THE HONORABLE MADELINE H. HAIKALA
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF ALABAMA